IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CEASAR WHITE, JR.,
    Plaintiff,

vs.                                        Case No: 3:07cv461/LAC/MD

SANTA ROSA COUNTY SHERIFF'S
OFFICE, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

Before the court is defendants' motion for partial summary judgment/motion to dismiss (doc. 15), supporting affidavit (doc. 16) and notice of supplemental authority (doc. 18), and plaintiff's motion to deny defendant's motion, and grant plaintiff's discovery/summary judgment (doc. 21). Defendants' motion should be granted as set forth herein.

**I. BACKGROUND**

Plaintiff brought this case pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e, and also pursuant to 42 U.S.C. § 1983. He sues Wendall Hall, Sheriff of Santa Rosa County individually and in his official capacity and Matthew E. Seevers, Deidre Hobbs, Jody Cochran, Pamela Moorer, Jerry Ranger, Rena Smith and Paul Campbell individually. Plaintiff claims that he was discriminated against in violation of Title VII of the Civil Rights Act when he was discharged from his employment with the Santa Rosa County

Sheriff's Office due to his race and color, that he was discriminated against for the same reason when he was not given the same opportunities as white officers to correct his performance, that he was subjected to different terms and conditions of employment, and that policies and procedures were not applied to him in the way they were applied to white officers. Plaintiff claims that his rights were violated by the eight individual defendants under 42 U.S.C. § 1983 when he was not afforded the same rights as other workers concerning equal treatment, performance evaluations, the opportunity to correct substandard performance, and when he was wrongfully discharged.

Defendants have now filed a motion for partial summary judgment/motion to dismiss. They assert that the Santa Rosa County Sheriff's Office should be dismissed because it is not a legal entity, that the individual defendants should be dismissed from counts 1 through 4 because they cannot be held individually liable under Title VII, that plaintiff failed to his exhaust his administrative remedies and conditions precedent to the filing of this litigation, and with respect to count 5, that plaintiff failed to allege a custom, policy or practice of race discrimination. Finally they assert their entitlement to qualified immunity in the absence of any allegation that they violated plaintiff's clearly established rights.

## II. LEGAL ANALYSIS

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); see also *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).

However, summary judgment is improper "if a reasonable fact finder evaluating the

evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact is "material" if it might affect the outcome of the case under the governing law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. See *id.*; see also *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986). If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary jugdment. *Miranda v. B&B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. See *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *Ramsey v. Leath*, 706 F.2d 1166, 1170 (11th Cir. 1983). On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). The court is not obliged to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511. And, it is improper for the district court to make credibility determinations, such as between contradictory affidavits, on a motion for summary judgment. *Miller v. Harget,* 458 F.3d 1251, 1256 (11th Cir. 2006); *Bischoff v. Osceola County,* 222 F.3d 874, 876 (11th Cir. 2000); *Harris v. Ostrout*, 65 F.3d 912, 916-17 (11th Cir. 1995); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987). This is because at the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. See *Anderson*, 477 U.S. 249.

<u>Santa Rosa County Sheriff's Office</u>

Plaintiff names the Santa Rosa County Sheriff's Office as a defendant in this action. The sheriff's office itself is not a legal entity and as such may not be sued. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed.R.Civ .P. 17(b)). In Florida, there is no such legal entity as the "Santa Rosa County Sheriff's Department." Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. Fla. Const. art. VIII, §§ 1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Department" as a separate legal entity, as an agency of the county, or as a corporate entity, and there is no authority for a Sheriff's Department to be sued in such a name. *Bethel v. Escambia County Sheriff's Office*, 2006 WL 3709621 (N.D. Fla. 2006) (citing *Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH, Doc. 10 at 3 (N.D.Fla. July 14, 2004) (concluding that the Holmes County Sheriff's Department is not a suable entity); *Turner v. Bieluch*, No. 9:03cv81059, Doc. 12 (S.D. Fla. 2004) (finding that Palm Beach County Sheriff's Office lacks capacity to be sued); *Erickson v. Hunter*, 1996 WL 427769, at * 1 (M.D.Fla. Apr. 10, 1996) (unpublished opinion) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); *Jones v. Collier County Sheriff's Dep't*, 1996 WL 172989 (M.D.Fla. Apr. 9, 1996) (concluding that Collier County Sheriff's Office is not a legal entity and therefore cannot be sued)). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity. See *Bethel,* 2006 WL 3709621 (citing *Hobbs*, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity.")); *Erickson v. Hunter*, 1996 WL 427769 (M.D. Fla. 1996) ("sheriff's office lacks a separate existence"). This court notes that plaintiffs has already named Sheriff Wendall Hall, in his official capacity, as a defendant. Thus, the Santa Rosa Sheriff's Office must be dismissed as a party to this case.

*Case No: 3:07CV461/LAC/MD*

Individual Liability under Title VII

In Counts 1-4 plaintiff sues defendants Hall, Seevers, Campbell, Smith, Hobbs, Ranger, Cochran and Moorer in their individual capacities, seeking releif under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* A Title VII action may be brought against only the employer and not an individual employee. Therefore, plaintiff's claim against these defendants in their individual capacities must be dismissed. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006).

Exhaustion of administrative remedies

Defendants next contend that plaintiff's claim is subject to dismissal because he failed to exhaust his administrative remedies. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir. 2000), citing 42 U.S.C. § 2000e-5. "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.' " *Id.* (citing 29 C.F.R. § 1601.12(a)(3)). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* "The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.' " *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted).

Defendants assert that in this case, there is no evidence that plaintiff complied with this condition precedent to filing a Title VII claim by filing a charge of discrimination with the EEOC or its designated state agency, in this case, the Florida Commission on Human Relations. They note that plaintiff alleges that he has requested a right to sue letter from

the EEOC (complaint at ¶ 6), but that it does not appear that plaintiff ever actually filed a charge with the EEOC. Defendants have submitted the affidavit of Major Keith Morris of the Santa Rosa County Sheriff's Office in support of their position. (Doc. 16, exh. 1). Major Morris' affidavit reflects that his duties, which are primarily administrative in nature, include reviewing personnel issues, and that he receives all charges and complaints of discrimination to the EEOC and FCHR. He states that he has never reviewed a charge of discrimination filed by the plaintiff in this case, and he is unaware of any such charged that was filed by plaintiff with either agency. Major Morris notes that the SRCSO is notified by the FCHR and the EEOC of charges that have been filed to provide an opportunity to respond, but that he has never received such a notice from either agency. *Id.*

Plaintiff asserts in his response that he did in fact file a complaint with the EEOC in July of 2007 and with the FCHR in May of 2007, but that the 180 day period elapsed without any action by that agency. (Doc. 21 at 5, exh. Q). Plaintiff's exhibits include a letter from the EEOC's Miami District Office, acknowledging that plaintiff had submitted an inquiry suggesting that the matter complained of pertained to Title VII and requesting plaintiff to review and return certain forms so that they could be reviewed by the commission. (Doc. 21, exh. Q, letter from EEOC dated October 9, 2007). Plaintiff wrote a letter in response on October 20, 2007, asking that certain corrections be made to the form, and indicating that when such corrections were made, he would be happy to sign the form. (*Id.*). He wrote another letter on November 26, 2007 to the EEOC noting the previous letter and stating that he had not received any corrected document, and requesting his right to sue letter due to the expiration of the 180 day period. (Doc. 21, exh. A). From this letter, it appears that plaintiff never signed and returned a complaint form, and thus no charge was ever actually filed with the EEOC.

Exhibit R to the plaintiff's response contains correspondence between the plaintiff and the FCHR. The first letter dated October 11, 2007 addressed to plaintiff indicates that a draft of his employment discrimination complaint was prepared based upon the information provided to him. (Doc. 21, exh. R). Plaintiff responded with a letter dated October 20, 2007, stating that incorrect information was included, and that once

corrections were made to the charging document, he would be happy to sign it. The next letter from the FHRC was dated October 23, 2007. It requested that plaintiff review an amended complaint that had been prepared based on information he provided, and informed him that he must sign, date, and return the charge form within five days from the date of receipt of that letter, or that his case would be closed. Plaintiff sent a letter to the FCHR dated October 26, 2007 in which he complained that the amended complaint did not reflect the information he had provided. He asked that the changes he requested be made, and stated that once this was done, he would be glad to sign the document. There is no indication in the plaintiff's submissions that any other correspondence was exchanged. His letter to the EEOC dated November 26, 2007, referenced above, indicates that he has already initiated action due to non-compliance by the FCHR. Thus, it appears that plaintiff did not follow through with the filing of his charge of discrimination with either the EEOC or the FCHR. As such, he failed to exhaust his administrative remedies with respect to his claim and it must be dismissed.

Section § 1983

Plaintiff's last claim arises under 42 U.S.C. § 1983. Plaintiff claims that the individual defendants deprived him of rights, privileges or immunities secured by the constitution and laws under this section, specifically by not affording the plaintiff the same rights as other workers concerning equal treatment, performance evaluations, and the opportunity to correct substandard performance, and by wrongfully discharging him from his employment. He also claims that he was subjected to "different terms and conditions of policies and procedures" than other employees, and that his employment was terminated intentionally to interfere with him receiving pay entitlements that he would have been entitled to. He never mentions race discrimination in this portion of the complaint. Nor does he mention what the specific defendants are alleged to have done, or not done, that amounted to a violation of his constitutional rights.

Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). In civil

rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). It would be virtually impossible for the named defendants to defend against plaintiff's allegations, as written, in light of the utter lack of specific allegations against any of them. Plaintiff's complaint, as presented, fails to state a claim under § 1983. As suggested by defendants, dismissal with leave to file an amended complaint that complies with the requirements of Rule 8 and the heightened pleading requirements for civil rights cases is warranted.

The court will thus recommend dismissal of count 5 of plaintiff's complaint without prejudice. Within thirty days of an order adopting this recommendation, plaintiff should be permitted to file a motion to re-open his case, along with a copy of his proposed third amended complaint, which shall be served upon counsel for the defendants. Absent such a filing, the order of dismissal shall become final and judgment should be entered accordingly. Plaintiff is reminded that if he chooses to file such a motion and proposed third amended complaint, it should only address his claim under 42 U.S.C. § 1983

Based on the foregoing, it is respectfully RECOMMENDED:

The defendants' motion for partial summary judgment/motion to dismiss (doc. 15)  be GRANTED as follows:

1. Claims 1 through 4 of plaintiff's complaint shall be dismissed with prejudice; and
2. Claim 5 shall be dismissed without prejudice to plaintiff's filing, within thirty days of an order adopting this recommendation, of a motion for leave to re-open case, accompanied by a third amended complaint that comports with the guidelines set forth in this recommendation. Absent such a filing, judgment will become final as to all counts.

Plaintiff's motion to deny defendants' motion and grant plaintiff's discovery/summary judgment (doc. 21) be DENIED.

Case No: 3:07CV461/LAC/MD

At Pensacola, Florida, this 17th day of April, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).