IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAESAR WHITE, JR.,
    Plaintiff,

vs.                                              Case No: 3:07cv461/LAC/MD

SHERIFF WENDALL HALL, et al.
    Defendants.

## O R D E R

      This case is before the court upon plaintiff's motion to compel upon defendants' to produce documents and things (doc. 44). Defendants responded (doc. 46) and this court held a hearing on plaintiff's motion on January 29, 2009.

      Plaintiff's motion covered ten specific requests which were considered at the hearing. Plaintiff indicated that requests one and two were moot. The resolution of the remaining requests, as discussed at the hearing, follows.

      Request Three–Defendants will provide plaintiff with any calendars, diaries and notes of Deputies Dublin, Lint and Casselberry that contain information relevant to this case.

      Request Four–Plaintiff initially named two individuals about whom he sought information. He then conceded that defendants need not provide information on Lt. Blankenship as he will not be a witness in this case, and that his request with respect with respect to Wallace is encompassed within request 8.

      Request Five–Defendants have agreed to provide shift reports and assignments for any shift when plaintiff was working, between November 2006 and May 2007. This will encompass individuals who were in plaintiff's training class as well as others.

Request Six–Defendants informed plaintiff that the videotape he requested did not exist, a statement plaintiff apparently does not believe.  The court advised plaintiff that if he disbelieves what defendants have told him, it is incumbent upon him to conduct discovery that may disprove that.

Request Seven–Plaintiff shall clarify for defense counsel his request regarding "End of Shift" reports by identifying the place in the SOP that describes the report to which he refers.  If plaintiff discovers that he misidentified the title of the report, he should clarify that.  Plaintiff also alluded to computerized or computer-generated reports that he was not able to identify with specificity.  To the extent he still seeks such reports, he should identify them for the defendants as promptly as possible so that defendants may produce or object to the production of the documents, as appropriate.

Request Eight–Defendants have indicated that they will provide plaintiff with training reports, memos, and any reports related to remediation and discipline of individuals who went through training with plaintiff, and control room employees Moore and Davis.

Request Nine–Defendants will provide plaintiff the requested identifying information with respect to the individuals who went through training with the plaintiff.  The court notes that what plaintiff stated in his motion to compel was not the same request actually made to the defendants, as read into the record by counsel.

Request Ten–No further action is required by defendants as the request is covered by 8 and 9.

At the conclusion of the hearing, plaintiff was reminded, and the court reiterates herein, that plaintiff has a duty in conducting discovery to ask specific questions with respect to the information he seeks.  And, If he does not get the response he initially sought, instead of merely telling defendants that they did not give him what he asked for, he should re-explain what he requests and try to resolve issues amicably with the defendants without involving the court.  Additionally, plaintiff is admonished to take care with the representations he makes to the court.  His pro se status does not excuse him from following the Federal and Local Rules of this Court, and every litigant has a duty to

provide truthful information to the court.  Failure to do so can result in sanctions, up to and including dismissal of one's case in the event of certain violations.

Even though plaintiff can be thought to have "won" because the court has ordered the defendants to provide documents, this came about only through the court's lengthy and patient inquiries into exactly what plaintiff was seeking, all of which could have been done with greater and more direct effort on plaintiff's part.  Consequently, defendants were offered the opportunity to be heard on the issue of sanctions for having had to respond to plaintiff's motion and to appear in court.  Counsel pointed out something that was painfully obvious: that it was communication problems between the parties that led to the hearing, not any significant dispute on what evidence is discoverable.  However, defendants indicated their satisfaction with the guidelines communicated to the parties at the hearing and stated that they would not pursue sanctions today.

Finally, the court extended the discovery deadline through February 6, 2009. Defendants were instructed to provide as much of the requested information electronically as was feasible.  Plaintiff was advised that if he did not receive all the information to which he believed he was entitled, he should attempt to resolve the issue directly with defense counsel by February 10, 2009, and that if things remained unresolved, he should file a motion to compel by February 11, 2009.  The parties were admonished that while the court is certainly available to hear legitimate disputes, it does not expect that such should be necessary in this case, given the parameters of the matters discussed at the hearing today.

Accordingly, it is ORDERED:

Plaintiff's motion to compel upon defendants to produce documents and things (doc. 44) is GRANTED to the extent that this order is entered.

The discovery deadline is extended through February 6, 2009, and any motions to compel may be filed up to February 11, 2009.

DONE AND ORDERED this 29th day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:07cv461/LAC/MD*