IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAESAR WHITE, JR.,
    Plaintiff,

vs.                                      Case No: 3:07cv461/LAC/MD

SHERIFF WENDALL HALL, et al.
    Defendants.

**O R D E R**

    This court held a hearing on plaintiff's motion to compel on January 29, 2009, after which it entered a detailed order setting forth the parties' discovery obligations, both generally and in terms of plaintiff's specific requests. The parties were admonished that while the court is certainly available to hear legitimate disputes, it did not expect that such should be necessary in this case, given the parameters of the matters discussed at the hearing. In its order, the court advised the pro se plaintiff to take care with the representations he makes to the court, as his pro se status does not excuse him from following the Federal and Local Rules of this Court, and every litigant has a duty to provide truthful information to the court. He was specifically warned that failure to do so could result in sanctions, up to and including dismissal of this case in the event of certain violations.

    Despite the seeming clarity of the court's previous order and its instructions to the parties at the hearing, this case is now before the court upon plaintiff's third amended motion to compel upon defendants to produce documents and things (doc. 50). Defendants have responded (doc. 54).

    First, the court notes that plaintiff's ongoing discussions with the defendants about discovery matters does not meet the requirement of "conferring" within the spirit of Local

Rule 7.1(B).  Additionally, plaintiff has apparently sought to modify and broaden his discovery requests, which the court pared down at the hearing.  Finally, he has accused defense counsel of misconduct even rising to the level of perjury, apparently because he does not believe the answers he received to some of his requests.

Upon review of the submissions of the parties, the undersigned concludes that the defendants have complied with the court's order of January 29, 2009, and also that they have attempted to go beyond the terms of that order in meeting plaintiff's expanded requests.  The actions of the plaintiff, on the other hand, suggest that he has not been mindful of this court's admonitions about resolving discovery disputes through good faith cooperation between the parties.  Although plaintiff is proceeding pro se, and as such he is entitled to some latitude, he is not an inexperienced litigant.  (See cases 4:06cv136, 4:06cv135).  While litigation places the parties, at least nominally, in an "adversarial" position, this does not mean that communication between the parties, discovery and other pre-trial matters, need reflect this.  The interests of justice are furthered by cooperative working relationships between parties and/or counsel, as this expedites the resolution of their cause, and conserves resources of both the court and the parties.  Plaintiff's motion will be denied.

Defendants have also filed an amended motion for extension of time to file dispositive motions in light of the pending discovery disputes.  They seek a 14 day extension of the dispositive motion deadline, until March 13, 2009.  In the initial motion, counsel represents that she has "attempted in good faith to consult with Plaintiff in this matter, however, after several attempts has been unable to do so as of the time of the filing of this Motion."  (Doc. 56 at 2).  In the amended motion, defendants indicate that plaintiff does not oppose the motion.  The court concurs that defendants' request is reasonable, and it will be granted.  Both parties shall file their dispositive motions on or before March 13, 2009.

As a final matter, the court notes that the defendants declined to pursue sanctions at the hearing on the plaintiff's previous motion to compel.  At that time, the court encouraged this position in light of the plaintiff's pro se status.  Defendants have again

*Case No: 3:07cv461/LAC/MD*

raised the issue in their response to the most recent motion to compel, and appears that sanctions of some sort may be warranted. Plaintiff will be required to show cause, in writing, within ten days from the date of this order why imposition of sanctions against him is not appropriate.

Accordingly, it is ORDERED:

Plaintiff's third amended motion to compel (doc. 50) is DENIED.

Defendants' amended motion for extension of time to file dispositive motions (doc. 57) is GRANTED. The parties shall file their dispositive motions on or before March 13, 2009.

Plaintiff shall have ten (10) days from the date of this order to show cause why sanctions should not be imposed against him for filing the third amended motion to compel.

DONE AND ORDERED this 25th day of February, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**